UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RICHARD G. FRITSCHE,<br>    Plaintiff,<br><br>    v.<br><br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>    Defendant. | No. 2:12-cv-123 JVB |

## OPINION AND ORDER

Plaintiff's counsel, Frederick J. Daley Jr., entered into a contingency agreement with Plaintiff for his law firm to receive "a reasonable fee . . . not excess of 25 percent of the . . . past due [social security disability] benefits" if he succeeded in representing Plaintiff. Mr. Daley's firm spent 27.78 hours---in both attorney and non-attorney time---in litigating this case and won on appeal in this Court. After the case was remanded, the Commissioner found that Plaintiff was disabled and awarded $104,430 in past due benefits. Mr. Daley then moved pursuant to 42 U.S.C. § 406(b) for attorney's fees in the amount of $26,107.50, to be deducted from back benefits. This equates to a total hourly rate of $940 an hour, which is comprised of 16.87 hours of associate time, 6.96 hours of paralegal time, and 3.95 hours of Mr. Daley's time. The Commissioner objects, arguing that awarding the entire amount requested would constitute a windfall for Mr. Daley.

"Whenever a court renders a judgment favorable to a claimant under [this disability insurance benefits] subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in

excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C.A. § 406. The crucial consideration here is whether the fee is reasonable. While there have been "[t]houghtful opinions [] entered both approving and reducing attorney fee requests in the $1,000 per hour range," *Reindl v. Astrue*, No. 09-cv-2695, 2012 WL 4754737, at *3 (N.D. Ill. Oct. 4, 2012), in the Northern District of Indiana, the equivalent rate of $740 has been found to represent a windfall time and again. *See e.g. Smith v. Astrue*, No. 1:05-CV-202, 2009 WL 35223, at *3 (N.D. Ind. Jan. 5, 2009); *Evans v. Astrue*, No. 1:06-CV-165, 2008 WL 4775505, at *3 (N.D. Ind., Oct. 27, 2008); *Schimpf v. Astrue*, No. 1:06-CV-18, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008); *Hupp v. Astrue*, No. 1:02-CV-223, 2008 WL 4540044, at *3 (N.D. Ind. Oct. 8, 2008); *Elliott v. Astrue*, No. 1:05-CV-7, 2008 WL 4055832, at *3 (N.D. Ind. Aug. 28, 2008). Importantly, the hourly rate comparison is as to the lead attorney in the case, not associates, and certainly not paralegals.

The Court believes that an award of the entire 25% of the back benefits would constitute a windfall in this case. Rather, the Court will award $10,000, which is equivalent to a fee of more than twice the reasonable hourly rate for each category of charges in this case. To be clear, the Court is not employing the loadstar method in reaching its decision. Rather, it is considering the equivalency as one of the factors to determine the reasonableness of the award. The Court is also mindful of its own awards in other social security disability cases. Finally, while Mr. Daley is an experienced attorney and has won this case for Plaintiff, the case itself was not overly complicated and was mostly handled by an associate in the firm.

In his Reply brief, Mr. Daley suggested that, if he were billing his social security clients hourly, his fee would be around $500 an hour, hence implying that the equivalent rate of $940 an hour in a contingency case is reasonable. *Cf. Smith v. Astrue*, No. 1:05-CV-00202, 2009 WL

35223, at *3 (N.D. Ind. Jan. 5, 2009) ("Considering that a contingent fee involves a substantial risk of loss, we think a contingent fee with an hourly rate of approximately twice that of a non-contingent fee does not appear unreasonable."). However, Mr. Daley's comparators were not social security disability petitioners, but attorneys who needed representation in disciplinary proceedings instigated by Social Security Administration. Moreover, as already pointed out, Mr. Daley's own time on this case constituted only 4 hours.

For these reasons, the Court grants Mr. Daley's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (DE 31), except that his requested fee is reduced to $10,000.

SO ORDERED on July 17, 2015.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE